■ PATRICK SANDERS, Appellant, v AQUA CHLOR ENTERPRISES, INC., Respondent, et al., Defendant. [934 NYS2d 406]—

Defendant Aqua Chlor made a prima facie showing of entitle-

ment to judgment as a matter of law by submitting evidence—including its owner's and plaintiff's deposition testimony and New York City Department of Finance records—that defendant IMS, not Aqua Chlor, owned the lot adjoining the sidewalk where plaintiff alleges he tripped and fell. In opposition, plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Indeed, plaintiff failed to submit any evidence that Aqua Chlor owned the subject lot. It is unclear whether the complaint also was dismissed as against IMS. In any event, there would be no basis to dismiss as against IMS, which has not answered, because there is evidence that it owned the lot.

The motion court improperly found that plaintiff's continued prosecution of this action against Aqua Chlor was frivolous; and thus, costs, attorney's fees and sanctions were not warranted. The attorney had a reason not to sign a stipulation of discontinuance before ascertaining exactly where his client fell.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Freedman and Richter, JJ.